# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **FREDERICK RIVERS,** | ) |
| Plaintiff, | ) |
| vs. | ) |
| **CONNIE BEDSOLE, ERINE MARSHBURN, J.C. GILES, MS. PITTMAN, RICHARD ALLEN, and DR. LINDA FLOYD,** | ) CIVIL ACTION NO.<br>) 2:08-CV-24-WKV |
| Defendants. | ) |

## ANSWER

COMES NOW the defendant, LINDA JOYCE FREEMAN FLOYD (hereinafter "Floyd" or "defendant"), by and through counsel, and in answer to the Plaintiff's Complaint, states as follows:

1. The defendant denies each and every material allegation contained in the plaintiff's Complaint and demands strict proof thereof.

2. The defendant pleads not guilty to the charges in the plaintiff's Complaint.

3. The plaintiff's Complaint fails to state a claim against this defendant for which relief can be granted.

4. The defendant affirmatively denies any and all allegations claimed by the plaintiff.

5. The plaintiff is not entitled to any relief requested in the Complaint.

{B0815270}

6. The defendant pleads the defense of qualified immunity and avers that the actions taken by the defendant were reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by plaintiff.

7. The defendant is entitled to qualified immunity and it is clear from the face of the Complaint that the plaintiff has not alleged specific facts indicating that the defendant has violated any clearly established constitutional right.

8. The defendant cannot be held liable on the basis of respondeat superior, agency, or vicarious liability theories.

9. The plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

10. The defendant pleads all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agency immunity.

11. The defendant pleads the general issue.

12. This Court lacks subject matter jurisdiction due to the fact that even if plaintiff's allegations should be proven, the allegations against this defendant would amount to mere negligence which is not recognized as a deprivation of the plaintiff's constitutional rights. *See Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986).

13. Alabama law provides tort and other remedies for the allegations made by the plaintiff herein and such remedies are constitutionally adequate.

14. The defendant pleads the affirmative defense of contributory negligence and assumption of the risk.

15. The defendant pleads the affirmative defense that plaintiff's damages, if any, were the result of an independent, efficient and/or intervening cause.

{B0815270}

16. The defendant pleads the affirmative defense that the plaintiff has failed to mitigate his own damages.

17. The defendant pleads the affirmative defense that Floyd is not guilty of any conduct which would justify the imposition of punitive damages against her and that any such award would violate the United States constitution.

18. The defendant adopts and asserts all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

19. The plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amended to 42 U.S.C. § 1997(e)(a). The plaintiff has failed to pursue the administrative remedies available to him. *See Cruz v. Jordan*, 80 F.Supp.2d 109 (S.D.N.Y. 1999) (claims concerning defendant's deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

20. The Prison Litigation Reform Act Amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages for the defendant which is entitled to immunity.

21. The plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997(e).

22. The plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in Federal Court.

23. Pursuant to 28 U.S.C. § 1915A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from defendants that are entitled to immunity as provided for in 42 U.S.C. § 1997(e)(c).

24. The defendant asserts that the plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment, intimidation and requests this Court pursuant to 42 U.S.C. § 1988 to award defendant reasonable attorney's fees and costs incurred in the defense of this case.

25. The plaintiff's claims are moot because the events which underlie the controversy have been resolved. *See Marie v. Nickels*, 70 F.Supp.2d 1252 (D.Kan. 1999).

        Respectfully submitted,

        s/Philip G. Piggott
        PHILIP G. PIGGOTT
        ASB 4379-P67P
        E-Mail:  pgp@starneslaw.com

        WILLIAM ANTHONY DAVIS, III
        ASB#:  5657-D65W
        E-Mail:  tdavis@starneslaw.com

        Starnes & Atchison LLP
        100 Brookwood Place, 7th Floor
        P.O. Box 598512
        Birmingham, AL  35259-8512
        Telephone: (205) 868-6000
        Fax: (205) 868-6099

        Attorneys for Linda Joyce Freeman Floyd

CERTIFICATE OF SERVICE

      I hereby certify that on February 22, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and I hereby certified that I have mailed by U. S. Postal Service the document to the following non-CM/ECF participants:

Mr. Frederick Rivers
AIS #148197
Ventress Correctional Facility
P.O. Box 767
Clayton, AL  36016

Albert Sims Butler, Esq.
Alabama Department of Corrections
P.O. Box 301501
Montgomery, Alabama  36130-1501

                                s/Philip G. Piggott
                                PHILIP G. PIGGOTT
                                ASB#:  4379-P67P
                                E-mail: ppiggott@starneslaw.com

{B0815270}